IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-11082
Conference Calendar
_____

ROBERT MALONE,

                                        Plaintiff-Appellant,

versus

DALLAS CITY MANAGERS' OFFICE; DALLAS POLICE DEPT; DALLAS
CITIZENS/POLICE REVIEW BOARD; DALLAS D A'S OFFICE; WILLIAMS
FRIED CHICKEN; MAL BARBER & ASSOCIATES REALTORS; STATE FARM
FIRE AND CASUALTY COMPANY; MAL BARBER, Individually; RON
CAMP, Individually,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:01-CV-447-H
--------------------
December 11, 2002

Before JOLLY, DAVIS, and JONES, Circuit Judges.

PER CURIAM:*

     Robert Malone filed a complaint in the district court,

invoking 42 U.S.C. §§ 1983 & 1985, and naming as defendants

various public officials of the City of Dallas and several

private individuals and entities.  The district court determined

that Malone had failed to perfect service of process against

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

several of the defendants, that Malone's constitutional claims are time-barred, and that Malone's claims against the private defendants are res judicata. Malone has appealed the district court's judgment dismissing the complaint with prejudice.

Malone has filed a document styled "Motion for Judicial Notice." To the extent that the motion requests leave to supplement the record, the motion is denied. See Theriot v. Parish of Jefferson, 185 F.3d 477, 491 n.26 (5th Cir. 1999). To the extent that the motion raises arguments pertinent to an issue properly before the court, such arguments have been considered.

Malone contends for the first time on appeal that his constitutional claims are governed by Texas' four-year limitations period applicable to fraud claims. See TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(a)(4) (West 2002). "The statute of limitations for a suit brought under 42 U.S.C. § 1983 is determined by the general statute of limitations governing personal injuries in the forum state." Piotrowski v. City of Houston, 237 F.3d 567, 576 (5th Cir.), cert. denied, 122 S. Ct. 53 (2001). In Texas, personal injury actions are subject to a two-year limitations period. See TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West 2002). The district court did not err by applying the two-year limitation period instead of the four-year period in dismissing Malone's constitutional claims.

Malone has not shown that the district court abused its discretion in refusing to permit him to amend the complaint.

Malone contends also that he did not have an opportunity to respond to the motion to dismiss and that the case should have been permitted to proceed to the summary judgment stage. This issue is without merit. Although Malone's response to the City of Dallas's motion to dismiss was untimely, the district court, in granting the motion to dismiss, considered Malone's arguments and accepted his factual allegations as true.

Except to state that the prior court decisions rejecting his claims are "fraudulent" and in themselves constitute additional conspiratorial acts against him, Malone raises no issue with respect to the district court's alternative holding that the claims against the private defendants are res judicata. Nor does he raise any issue with respect to the district court's holding that Malone failed to serve several of the defendants. Accordingly, these issues are abandoned. See Brinkmann v. Dallas Co. Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

The appeal is dismissed as frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. We warn Malone that any future frivolous appeals or pleadings filed by him or on his behalf will invite the imposition of a sanction.

APPEAL DISMISSED; SANCTION WARNING ISSUED.